**UNITED STATES of America,**
**Appellee,**

v.

**Richard C. BARNETT, aka "Sealed Defendant 2", Defendant,**

**Michael Siler, aka "Sealed Defendant 1", Defendant–Appellant.**

**Docket No. 02–1195.**

United States Court of Appeals, Second Circuit.

Feb. 24, 2003.

Michael L. Koenig, O'Connell & Aronowitz, P.C., Albany, NY, for Appellant.

Elizabeth S. Riker, Assistant United States Attorney for the Northern District of New York, Syracuse, NY, for Appellee.

Present: LEVAL, F.I. PARKER, Circuit Judges, and KAPLAN,\* District Judge.

---

\* The Honorable Lewis A. Kaplan, United States District Judge for the Southern District of New York, sitting by designation.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the appeal is DISMISSED in part and in the remaining part the decision of said district court be and it hereby is AFFIRMED.

Defendant-appellant Michael Siler appeals the district court's March 11, 2002 judgment convicting him, after a guilty plea, of: 1) extortion; 2) possession with intent to distribute and distribution of crack cocaine; 3) possession with intent to distribute marijuana and heroin; and 4) racketeering. The district court sentenced Siler to 24 months of imprisonment on each count, to be served concurrently. Siler is currently serving his sentence. On appeal, Siler argues that the district court erroneously: 1) applied a two-level enhancement under United States Sentencing Guideline ("U.S.S.G.") § 2D1.1(b)(1) for possession of a weapon during the commission of the drug possession and distribution count; and 2) denied his motion for a downward departure pursuant to U.S.S.G. § 5K2.0.

Siler makes two arguments with respect to the district court's application of the weapon possession enhancement. First, he contends that the district court erroneously applied this enhancement (which is applicable only to drug counts) to the extortion count. There is no merit to this argument. Under the Sentencing Guidelines, all four counts were grouped and the sentence was calculated based on the offense with the highest offense level (in this case, the crack possession and distribution count). *See* Presentence Report ("PSR") at 10–11; Tr. of Sentencing Hr'g, at 6–7. Therefore, the district court could not have applied this enhancement to the extortion count.

Next Siler argues that there was insufficient evidence to support the district court's factual findings with respect to the enhancement because the district court "merely relied upon the language in … the Indictment, and the virtually identical language in the plea and cooperation agreement." Appellant's Br. at 15. However, at the sentencing hearing the district court specifically adopted (and Siler made no objection to) "the factual statements contained in the presentence report." The PSR contains enough facts about Siler's criminal conduct to support the district court's conclusion that Siler had a firearm and that firearm was sufficiently connected to his criminal conduct to justify the enhancement. *See* § 2D1.1 cmt. 3 ("The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense."); *United States v. Zichettello,* 208 F.3d 72, 107 (2d Cir.2000) ("the district court adopted the factual findings of the Presentence Report, which provided an ample basis to support the enhancements").

Finally, we review a district court's denial of a motion for a downward departure only where "the guidelines were misapplied" or "the court misapprehended its authority or imposed an illegal sentence." *United States v. Haynes,* 985 F.2d 65, 68 (2d Cir.1993). Because Siler has not argued that the district court's refusal to grant a downward departure was based on a legal error or a misapprehension of its authority, we dismiss Siler's appeal with respect to this issue. *See United States v. Stephenson,* 183 F.3d 110, 120 (2d Cir. 1999).

For the reasons set forth above, the appeal is DISMISSED in part, with respect to the claim that the district court abused its discretion in declining to grant a downward departure, and the judgment

of the District Court is otherwise hereby AFFIRMED.